# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

CONSEJO DE SALUD PLAYA PONCE, et. al.

   Plaintiffs

    v.

SECRETARY OF HEALTH ROSA PEREZ PERDOMO

   Defendant

**CIVIL NO. 06-1260 (GAG)**

## OPINION AND ORDER

Plaintiff FQHCs Loiza and Belaval in consolidated case 03-1640 (GAG) seek an interim payment order for wraparound payments due from the time the court vacated its preliminary injunction until the First Circuit vacated the court's order and restored the preliminary injunction.[1] See *Motion for Payment Order* (Docket No. 210). The payment period for Loiza would be from January 1, 2007 to December 31, 2008, and for Belaval from April 1, 2007 to December 31, 2008. Loiza claims a wraparound amount ranging from $11,333,716.39 to $13,967,218.64, while Belaval claims one ranging from $7,941,188.37 to $9,506,554.65.

The Secretary of Health, notwithstanding the Commonwealth's extremely precarious fisc, contends that payment of said specific wraparound sums violates the sacrosanct principle of federalism embodied in the Eleventh Amendment to the Constitution. The court agrees. Undoubtedly, said constitutional provision precludes a federal court from ordering defendants to satisfy any wraparound payments owed, which were not ordered by the court as of the time the injunction was vacated.

Plaintiffs base their contention on footnote 8 of the First Circuit's opinion, 551 F.3d 10, 18 n.8, which reads as follows:

> Any claims for past non-compliance with the district court's

---

[1] See Concilio de Salud Integral de Loiza v. Pérez-Perdomo, 479 F. Supp. 2d 247 (D.P.R. 2007), vacated, 551 F.3d 10 (1st Cir. 2008).

**CIVIL NO. 06-1260 (GAG)**                                    2

>    preliminary injunction, though claims for monies due, are also not
>    barred by the Eleventh Amendment.

The court reads this footnote to mean that any amounts, if any, already owed under the preliminary injunction, following an order to said effect, must still be paid. For all purposes, this simply amounts to an order of compliance with previously ordered injunctive relief, which would not be barred by the Eleventh Amendment. See, e.g., Dr. José S. Belaval, Inc. v. Pérez Perdomo, 488 F.3d 11 (1st Cir. 2007) (vacated district court wraparound payment order was reinstated by appellate court with instructions to enforce the payment obligation created by said order).

Plaintiffs, however, now ask the court to order payment of wraparound sums due to Loiza and Belaval for a period in which the court had dissolved its preliminary injunction and entered final judgment in the case. During this time — nearly two years — the Secretary was not under any court-imposed obligation to issue any wraparound payments given that the court did not order any payments to be made to Loiza and Belaval.[2]

It is noteworthy that once the court dissolved its preliminary injunction plaintiffs did not request a stay of said order pending appeal. See Fed. R. App. P.8 (a)(1); 28 U.S.C. § 1292(a). This would have avoided the present constitutional pitfall.

Accordingly, the court reluctantly DENIES plaintiff Loiza and Belaval's *Motion for Payment Order* (Docket No. 210). This ruling, of course, does not preclude plaintiff from seeking those wraparound amounts clearly due in the Commonwealth Court of First Instance. Nor does it preclude plaintiff from seeking prospective wraparound payments in this court.

**SO ORDERED.**

In San Juan, Puerto Rico this 12th day of May, 2009.

                                        *S/Gustavo A.Gelpí*
                                        GUSTAVO A. GELPI
                                        United States District Judge

---

[2] The court also notes that plaintiffs do not claim payment of any past due obligations as a result of any court order issued prior to this court vacating its injunction.

**CIVIL NO. 06-1260 (GAG)**          3