**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

**CONSEJO DE SALUD PLAYA DE PONCE,**

**Plaintiff,**

v.

**CARLOS MELLADO, SEC'Y OF THE DEP'T OF HEALTH OF THE COMMONWEALTH OF P.R.,**

**Defendant.**

**CIVIL NO. 06-1260 (GAG)**

## MEMORANDUM ORDER

The Court **GRANTS** Plaintiff's motion requesting an extension of the Court's enforcement jurisdiction and **NOTES** the simultaneous informative motion regarding the appeal filed with the special master at Docket No. 1445.[1] The Court hereby extends its enforcement jurisdiction for a term of three (3) years until October 6, 2024, after the current enforcement jurisdiction expires on October 6, 2021. The history of this litigation demonstrates that if the Court does not retain enforcement jurisdiction, then the result is evident: Plaintiff will cease to receive the Medicaid wraparound payments and would have to file a new lawsuit.

On October 7, 2011, the Court approved the confidential settlement agreement ("CSA") between the parties whereby Defendant would pay Plaintiff for the amounts stipulated in the CSA as satisfaction of Defendant's Medicaid wraparound payment obligations under 42 U.S.C. § 1396a(bb). (Docket Nos. 987, 989). The Court dismissed the case with prejudice pursuant to FED.

---

[1] In addition, the Court **NOTES** Defendant's motion in compliance at Docket No. 1450 responding to Plaintiff's motion requesting extension of enforcement jurisdiction. With leave of Court, Plaintiff replied and Defendant sur-replied. (Docket Nos. 1455, 1459).

**Civil No. 06-1260 (GAG)**

R. Civ. P. 60(b)(6) as well as the CSA and retained jurisdiction to enforce the CSA pursuant to Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). (Docket Nos. 987, 989, 990). In Kokkonen, the Supreme Court held that federal courts are "authorized to embody the settlement contract in its dismissal order or, what has the same effect, retain jurisdiction over the settlement contract [sic] if the parties agree. Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." 511 U.S. at 381-82. A federal court may exercise its ancillary jurisdiction to enforce a settlement agreement after it dismissed a case:

> if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist.

Kokkonen, 511 U.S. at 381.

Here, the dismissal order contained a provision retaining jurisdiction over the CSA and specifically incorporated its terms. (Docket No. 989). Furthermore, in the CSA, the parties agreed that the Court shall retain jurisdiction to enforce its terms "for a period to be determined by the Court (the 'Retention Period')." (Docket No. 987-2 at 12). While the parties originally agreed for the Court to retain enforcement jurisdiction for a retention period of four (4) years according to the dismissal order that they themselves proposed, the Court has extended its enforcement jurisdiction twice before because of the multiple times that Plaintiff has been forced to seek the Court's intervention to make Defendant comply with its Medicaid wraparound obligations. (Docket Nos. 989 ¶ 5, 1279, 1442; 1272, 1191, 1180, 1169, 1154, 1130). The docket evidences that the Defendant has a continued pattern of delayed payments and, as such, demonstrates the extraordinary circumstances that justify the amendment of the Court's enforcement jurisdiction pursuant to Fed. R. Civ. P. 60(b)(6).

**Civil No. 06-1260 (GAG)**

Consequently, the Court shall extend its enforcement jurisdiction of the CSA until October 6, 2024. This ruling is without prejudice that the Secretary of Health demonstrate to the Court the contrary, and ask that enforcement end.

**SO ORDERED.**

In San Juan, Puerto Rico this 7th day of April 2021.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge
